# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 17-cv-2294-WJM-NYW

KATHLEEN BRITTEN, the personal representative
of the Estate of Steven Britten,

    Plaintiff,

v.

MOUNTAIN VIEW ELECTRIC ASSOCIATION, INC.,

    Defendant.
_____

## ORDER GRANTING MOTION TO SUBSTITUTE
_____

Plaintiff Steven Britten ("Plaintiff"), through his attorneys, moves to substitute the personal representative of Plaintiff's estate, Kathleen Britten, in place of Plaintiff. (ECF No. 70.)

Plaintiff's counsel filed a Suggestion of Death on April 5, 2019, notifying the Court and Defendant Mountain View Electric Association, Inc., of Plaintiff's death and stating that an appropriate motion to substitute the Estate of Mr. Britten or Plaintiff's wife Kathleen Britten as personal representative would be filed within 90 days. (ECF No. 65.) The Court directed Plaintiff's counsel to file a motion to substitute on or before June 14, 2019 (ECF No. 67), and Plaintiff timely filed the instant motion (ECF No. 70).

Following a partial grant of Defendant's Motion for Summary Judgment, Plaintiff has a sole remaining claim of gender harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Colorado Anti-Discrimination Act, Colo. Rev. Stat. §§ 24-34-401 *et seq.* ("CADA").

CADA does not directly address whether a claim survives the death of a plaintiff. However, the general Colorado survival statute provides that "[a]ll causes of action, except actions for slander or libel, shall survive and may be brought or continued notwithstanding . . . death . . . , but punitive damages shall not be awarded nor penalties adjudged after the death of the person against whom such punitive damages or penalties are claimed." Colo. Rev. Stat. § 13-20-101. On motion, a court "may allow the action to be continued by . . . the personal representative of the deceased." *Id.*

Nor does Title VII address whether a claim survives the death of a plaintiff. "If federal law does not provide a rule of decision in a civil rights case, federal law will incorporate the appropriate state law, unless that law is 'inconsistent with the Constitution and laws of the United States." *Slade for Estate of Slade v. U.S. Postal Serv.*, 952 F.2d 357, 360 (10th Cir. 1991) (internal quotation marks omitted and alterations incorporated). Colorado's survival statute allowing all causes of action to survive (excepting slander and libel) is not inconsistent with Title VII, which does not address the availability of damages after death, and is not inconsistent with the policies underlying Title VII, "namely, deterrence and victim compensation." *Rosenblum v. Colo. Dep't of Health*, 878 F. Supp. 1404, 1409 (D. Colo. 1994).

Thus, both the Title VII and CADA gender harassment claims survive Plaintiff's death and the personal representative of Plaintiff may be substituted for Plaintiff.

"[S]tate law governs who can be a 'representative' or 'successor.'" *Eckerman v. Wells Fargo Bank, N.A.*, 2018 WL 3219897, at *1 (D. Colo. June 29, 2018). Plaintiff was a resident of Iowa and died in Iowa. In his will, he named Ms. Britten as the putative executor of his estate and his sole beneficiary. Plaintiff's counsel states that Plaintiff did

2

not have any separate property to distribute through probate proceedings, and the only property he owned (apart from personal property) passed directly to Ms. Britten through beneficiary designation. (ECF No. 70 at 3.) Thus, the Iowa Probate Code did not require Ms. Britten to probate Plaintiff's will. *See* Iowa Code § 633.332. However, had the will been probated, Ms. Britten likely would have been appointed executor of Plaintiff's estate. *Id.* § 633.294 (first preference for appointment of executor is person designated in the will); *see id.* 633.3 (defining "personal representative" to include the executor). Under Colorado law, Ms. Britten could have also been appointed executor of the estate, and thus is an appropriate personal representative. Colo. Rev. Stat. § 15-12-601; *id.* § 15-12-103; *id* § 15-12-301; *id.* § 15-10-201(39) (defining "personal representative" to include the executor, administrator or "persons who perform substantially the same function"). The Court thus finds that Kathleen Britten is a proper personal representative to be substituted for Plaintiff in this action.

      For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Verified Motion to Substitute Personal Representative for Plaintiff (ECF No. 70) is GRANTED; and

2. Kathleen Britten, the personal representative of the Estate of Steven Britten, is substituted as the sole Plaintiff in this case, and the caption for this case is changed accordingly. The parties and the Clerk shall use the caption on this Order as the appropriate caption for any subsequent filings.

Dated this 19th day of June, 2019.

BY THE COURT:

_____
William J. Martínez
United States District Judge